The bill seeks the construction of the will of Thomas Robb, deceased, and instructions to the trustee under the will. Thomas Robb died December 2d 1872; his will is dated May 14th, 1867, and was admitted to probate by the surrogate of Camden county on January 13th, 1873.
By the second paragraph of the will the complainant, as trustee, is given the residue of the estate with power to sell and dispose of the same at public or private sale and to execute and deliver to the purchaser or purchasers, deeds to the real estate.
The third paragraph authorizes the occupancy of decedent's home by his family, without charge, until a sale of the same which is not to be made without the consent of testator's wife or his unmarried children so long as they continue to occupy it and keep it in good repair. *Page 531 
The fourth paragraph directs the trustee to pay out of the income of said trust, the sum of $2,000 annually to testator's widow during her life and the remaining income to be equally divided among testator's children, share and share alike.
The will further provides as follows:
"Sixth: Should either of my children die without surviving issue, the income of such child shall be equally divided between my said wife and the surviving children and the accumulations of income, in the Trustees hands belonging to such child shall be divided in the same way but if dying with issue surviving, then the income and accumulations aforesaid shall be divided in equal shares between such issue, and on the death of the latter without issue, their share shall revert back to my surviving children and their heirs in portions corresponding to what would have been the share of the parents of such surviving children."
The ninth paragraph of the will directs the trustee, upon the death of the widow, to divide the annuity of $2,000 equally between testator's surviving children and the heirs of such as may be deceased.
The will then disposes of the corpus of the estate as follows:
"Tenth: After the death of all my children and their children my will is that the whole of my Estate shall be divided among the heirs of the latter, as the same would be divisable under the intestate laws of New Jersey."
The testator was survived by his widow, five sons and one daughter. His widow, Caroline E. Robb, died September 8th, 1902. A son, Edward J. Robb, died December 21st, 1910, testate but without issue. Another son, George S. Robb, died March 7th, 1913, testate but without issue. His daughter, Elizabeth W. Robb Thomason, died November 10th, 1933, testate but without issue. Another son, Hunter Robb, is still living and has two sons, Hampton Robb and Philip H. Robb, both of full age. Another son, Walter E. Robb, is living and has two sons, Walter E. Robb, Jr., and David Buzby Robb, both of full age. Another son, Thomas Howard Robb, is living but has no issue. All of these persons now surviving are defendants in this cause. *Page 532 
It must be determined whether the will, or any part of it, violates the rule against perpetuities; and upon the interpretation and construction of the will depends the disposition that should be made by the trustee of the income, as well as the corpus, of the estate.
Professor Gray states the rule against perpetuities as follows: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray Perp. (3d ed.) 174.
In McGill v. Trust Company of New Jersey, 94 N.J. Eq. 657,
Vice-Chancellor Buchanan said: "It is not enough that the contingency may happen within the time limited by the rule; it must necessarily happen, if it happen at all, within that time. If there be a possibility that it may happen after the time limited by the rule, the gift is void."
In Graves v. Graves, 94 N.J. Eq. 268 (at p. 273), Chancellor Walker said: "It is the possibility that the period covered by a life or lives in being and twenty-one years thereafter may be exceeded, and not the certainty or even probability that it will be exceeded, in a given trust, which calls for the application of the rule."
Applying the established rules to the facts as they appear in this cause, we must reach the conclusion that the gift of thecorpus of the estate is void. When the testator died, the lives in being were his widow and his six children, and under the tenth paragraph, the corpus was not to vest until after the death of the children of testator's children, which violates the rule, in view of the possibility of children being born to the children of testator's children after twenty-one years had elapsed. Since the gift of corpus could or might not take effect during the period of the lives of the persons in being and twenty-one years thereafter, it violates the rule relating to perpetuities and is void, and there being no valid disposition of the corpus, it descended immediately to the heirs at law and next of kin of the testator, subject to the operation of such of the provisions of the trust as were lawful. Legal title is in the trustee, subject to the trusts which are valid, and even if it be said that the entire trust fails, the *Page 533 
legal title is still in the trustee who holds for the heirs at law and next of kin of the testator. Murphy v. Morrisey Walker, Inc., 99 N.J. Eq. 238, 240; Camden Safe Deposit and TrustCo. v. Guerin, 87 N.J. Eq. 72.
The question which now presents itself is whether the entire trust is destroyed and if not, what portions of the same may be valid. The rule upon this point is stated in the case of Glock
v. Glock, 110 N.J. Eq. 477, 478, in which the court of errors and appeals adopted the opinion of Vice-Chancellor Fielder in which he said: "The testator's intent, so far as it can prevail against legal rules, must be the guide in construing a will and the intent of this testator, as gathered from the provisions of his will, should be given effect to the extent that such intent does not conflict with the perpetuity rule. Where a devise violates the rule but is made as supporting life estates, or estates for years, which are concurrent or consecutive, the life estates or estates for years are not to be vitiated by the invalidity of the subsequent devise, unless it clearly appears that the prior created estates are elements or parts of the plan of ultimate devise."
An examination of the will of the testator clearly discloses that his primary intent was the creation of a fund, from the income of which provision would be made for his widow during her lifetime, as well as his children and grandchildren during their lifetimes. He undoubtedly had a high regard for the welfare of his children and grandchildren, as evidenced by the many references thereto in his will. In one of the paragraphs he expresses the desire that his family live comfortably to their income, the children to be liberally educated, learning music if they desired to do so and if the income be found sufficient. Therefore, I feel that the will should be construed so as to give full consideration to this primary intent of the testator, not disturbing the will further than is required by the operation of the rule against perpetuities. The gift to the widow of $2,000 yearly, as well as the gift of the income to the six children, vested at the death of the testator, and are good.
Under the provisions of the sixth paragraph of the will, *Page 534 
upon the death of any child of testator, without surviving issue, it was provided that the income of such child should be equally divided between the widow and the surviving children, except if such child leave issue surviving, in which case such income should be divided in equal shares between such issue during their lifetimes and if the grandchildren died without leaving issue, then there was a gift of such income back to the children of testator. It is unnecessary at this time to decide whether the gift of income back to the children after the death of the grandchildren without issue, violates the rule against perpetuities, because of the possibility of not vesting within the required time, since the gift of corpus clearly violates the rule.
All of the grandchildren of testator must necessarily be born within the period fixed by the rule because the measuring lives in being at the time of testator's death are his children and his widow. The interest of the grandchildren must necessarily vest upon the death of their respective parents and this time of vesting of the life interest does not violate the rule against perpetuities. Ogden v. McLane, 73 N.J. Eq. 159, 163; Trippe
v. National Newark and Essex Banking Co., 98 N.J. Eq. 462, 465.
As Professor Gray has said: "An interest is not obnoxious to the rule against perpetuities if it begins within lives in being and twenty-one years, although it may end beyond them. If it were otherwise, all fee-simple estates would be bad. The law is the same with lesser estates." Gray Perp. (3d ed.) 207. Of course, the interest of the grandchildren which is in income, would extend beyond the period, which is within the rule.
These gifts of income to the widow, children and grandchildren of testator, being good, the trust must necessarily remain active in whole or in part so long as any of the children or grandchildren of testator live, and the trustee cannot pay over the corpus of the estate until the trust becomes simple or passive, and then only to the owners entitled to the possession of the fund. Camden Safe Deposit and Trust Co. v. Guerin,89 N.J. Eq. 556. *Page 535 
The corpus of the estate cannot be divided during the lifetime of the children of the testator and the request for directions as to its distribution, in view of the various contingencies which may arise, will not be entertained at this time. Trippe v. National Newark and Essex Banking Co., supra;Matlock v. Matlock, 98 N.J. Eq. 572.
It would seem to me that upon the death of the three surviving children of the testator, distribution of corpus, except as to such part or parts of the trust as then remain active, might be made as ordered by the orphans court in which the estate is being administered. Under the proof it appears that the complainant has properly administered the trust in so far as the payment of the income is concerned, in view of the interpretation now placed upon the will, and any accumulated income may now be divided among the three surviving children, and upon the death of any child, his share of the income must be paid to his surviving brothers or brother, unless he leave issue, then to such issue.
No part of the income of the trust can be paid to the estates of testator's deceased children, nor can any part of the corpus
be now paid to such estates because the whole of the income is subject to the payment of the life estates.