The complainant in its capacity as trustee presents to the court for construction the will and codicil of one George S. Grosvenor, deceased, and requests a declaration of its duties. The testator was a resident of Trenton, New Jersey, and died at Nice, France, on March 20th, 1931, in his ninety-ninth year. His will is dated December 6th, 1920. The codicil bears date March 1st, 1927.
The following paragraphs of the will deserve notice:
Fourth (3): "I give, bequeath and devise to Henry McCoy Norris aforesaid fifteen thousand dollars ($15000.) to him and his heirs and assigns forever, if he shall survive me, but if he shall not survive me, then in that case the said fifteen thousand dollars to go to his son, Nixon Grosvenor Norris, to be governed in its payment to him by the provisions contained in the last will and testament of his father, the said Henry M. Norris, that is to say, it is to become a part of the trust fund created by the said will of Henry M. Norris, and the income and principal to be administered according to the said will of Henry M. Norris."
 * * * * * * * * Fifth (4): "I give, bequeath and devise to the said Henry McCoy Norris one third part of said rest, residue and remainder, to him and his heirs and assigns forever if he survives me, but if he do not survive me, the said one third part to go to his son, the said Nixon Grosvenor Norris, to be governed in its payment to him by the provisions contained in the last will and testament of his father, Henry M. Norris aforesaid, as hereinbefore directed in item Fourth, 3."
Henry McCoy Norris who was the stepson of the testator died a resident of Cincinnati, Ohio, on December 24th, 1925, and so predeceased the testator. The last will of Henry McCoy Norris dated December 17th, 1925, was admitted to probate by the Probate Court of Hamilton County, Ohio, on December 31st, 1925, and his estate continues to be administered in Ohio by the First National Bank of Cincinnati, as the testamentary trustee.
On March 1st, 1927, the testator executed the codicil to his will. The following quotation is pertinent:
"First: — I do ratify and confirm my said will in all respects save so far as any part thereof shall be revoked or altered by this present codicil and in particular, save so far as the same relates to the disposition in item Fourth; 3 — of fifteen thousand dollars ($15,000.) *Page 231 
which I bequeathed to Henry McCoy Norris if he should survive me and after him, to his son, Nixon Grosvenor Norris, with some restrictions. As to such disposition of fifteen thousand dollars and item Fourth — 3 — I revoke and alter my said will:
"And also in particular save so far as the same relates to the disposition in item Fifth — 4 — of the one third part of the rest, residue and remainder of my estate which I gave to the said Henry McCoy Norris; As to such disposition of one third part of the rest, residue and remainder of my estate I revoke and alter my said will by combining item Fifth; — 4 — with item Fourth — 3 — so that the combined item Fourth — 3 — and Fifth — 4 — shall read as follows; namely: —
"Fourth, 3: — I give bequeath and devise to the Trust Department of the First National Bank of Trenton, New Jersey the said fifteen thousand dollars and the said one third part of the rest, residue and remainder; the said $15,000. and the said one third part of the residue, to be added together, thus forming the principal sum of the above two gifts, which are in trust, how ever for the following uses and purposes; namely; —
"1 — To have, hold, manage, sell, use, invest and re-invest the same and pay all just expenses and all lawful taxes, assessments and claims against the same.
"2 — To pay one half of the net income of the said principal sum to each of the two daughters of my deceased wife, Cora B. Grosvenor, namely: Fannie N. Fisk now residing at No. 35 Badeau Avenue, Summit, New Jersey, and Maria N. Canby now residing at No. 10 Rue du Petit Saleve, Geneva, Switzerland, share and share alike, in quarter yearly instalments on the first days of January, April, July and October of each and every year during the natural life of both of them and upon and after the decease of one of them, to pay the whole of said net income to the survivor of them in equal quarter-yearly instalments as aforesaid during the term of her natural life and upon her decease to pay fifteen thousand dollars of said principal sum with accrued interest to Nixon Grosvenor Norris, grandson of my deceased wife aforesaid. His present address is Care of Miles W. Townsend, First National Bank, 4th and Walnut Streets, Cincinnati, Ohio, to him, his heirs and assigns forever.
"The said one third part of the rest and residue and remainder is to go the said Nixon Grosvenor Norris, but to be governed in its payment to him by the provisions contained in the last will and testament of his father, Henry McCoy Norris, aforesaid, that is to say, it is to become a part of the trust fund created by the said will of Henry McCoy Norris and the income and principal to be administered according to said will of Henry McCoy Norris."
The life tenants named in the codicil have died. The trustee, The First National Bank of Trenton (now by merger, The First-Mechanics National Bank of Trenton), paid the sum of $15,000 to Nixon Grosvenor Norris unconditionally upon the death of the last surviving life tenant. It retains *Page 232 
the balance of the trust fund comprised of the one-third part of the residue to which the testator referred in his codicil.
Additional facts are that the testator, George S. Grosvenor, had no children. The testator's wife, Cora, died on October 28th, 1926, leaving a will dated December 6th, 1920, and a codicil dated January 27th, 1926. Incidentally, her will contained a clause, unchanged by her codicil, and by which she gave one-third part of her estate to her son, Henry M. Norris, if he survived her, and if not, the share was directed to go to Nixon Grosvenor Norris,
"to be governed in its payment to him by the provisions contained in the last will and testament of his father, Henry M. Norris, aforesaid, that is to say, it is to become a part of the trust fund created by the said will of Henry M. Norris, and the income and principal to be administered according to the said will of Henry M. Norris."
The complainant was also the designated trustee under the will of Mrs. Grosvenor. It is revealed that pursuant to an agreement made on May 16th, 1933, the complainant transferred that one-third share of her estate to The First National Bank of Cincinnati, Ohio, the trustee under the will of Henry M. Norris.
Broadly stated, the questions here submitted for solution relate to the disposition of the balance of the fund entrusted to complainant by the testator, George S. Grosvenor. As specifically propounded by the complainant, they are:
1. Was the will of Henry McCoy Norris — so far as applicable — legally incorporated by reference into the will of George S. Grosvenor?
2. If the will of Henry McCoy Norris was legally incorporated into the will of George S. Grosvenor, did the terms of the trust of the Norris will violate the rule against perpetuities?
3. If the rule against perpetuities was violated, does this violation affect the interest of Nixon Grosvenor Norris under the will of George S. Grosvenor?
4. If there was no valid incorporation of the Norris will by reference in the Grosvenor will, what interest does Nixon Grosvenor Norris take under the Grosvenor will? *Page 233 
5. If there is no incorporation of the Norris will by reference in the Grosvenor will, and Nixon Grosvenor Norris takes less than an absolute interest in the said fund in hands of complainant, did George S. Grosvenor die intestate with respect to such interest undisposed of, and to whom does such interest then go?
Mr. Jay B. Tomlinson has been appointed to represent the contingent interests of persons not in being or not ascertainable, whose interests may be supposed to be involved.
It is promptly observed that the testator's will in which he first refers to provisions contained in the will of Henry M. Norris was evidently executed on December 6th, 1920. The only existing will of Henry M. Norris is dated five years later, although it may be surmised that he had previously made a will. Of course, the so-called doctrine of incorporation by reference has no application unless it is evident that the document to which reference was made was actually in existence at the date of the will with which it is to be blended. Here, however, the testator made a codicil on March 1st, 1927, more than a year after the death of his stepson Henry M. Norris, and indeed after the probate of the latter's will. By the codicil, the testator ratified and confirmed his will in all respects "save so far as any part thereof shall be revoked or altered" by the provisions of the codicil.
In such circumstances, the will and codicil are made to speak as of the time and place of the publication of the codicil.Ryder v. Myers, 113 N.J. Eq. 360; 167 Atl. Rep. 22; affirmed,115 N.J. Eq. 169; 169 Atl. Rep. 691; 2 Page on Wills 13 § 545;Schouler on Wills (6th ed.) 952; 1 Jarman on Wills § 157.
The testamentary construction here sought to be elicited does not seem to me to be enmeshed in any perplexity. From the stipulated facts arises the unavoidable inference that at the time of the execution of the cedicil, the testator, George S. Grosvenor, was aware of the death of his stepson, Henry McCoy Norris. The authenticity of the will of Henry McCoy Norris had been confirmed by the judgment or decree of the court of the State of Ohio. The testamentary trust thereby originated was in actual existence. The First National Bank of Cincinnati, Ohio, was the trustee. *Page 234 
The primary undertaking is to ascertain the intention of the testator, Grosvenor. The contemplated and intended transference of the fund now held by the complainant is not obscure. The testator, Grosvenor, elucidated his intention in these words:"that is to say, it is to become a part of the trust fund created by the said will of Henry McCoy Norris and the income and principal to be administered according to said will of Henry McCoy Norris." Verba posteriora propter certitudinem addita, adpriora quae certitudine indigent, sunt referenda. The testator thus declared that it should become "a part." A "part" is assuredly an "integral portion, something essentially belonging to a larger whole." "That which together with another or others makes up a whole * * *; a certain amount, but not all, of anything or number of things * * *; a portion, division, section, element, constituent, fraction, fragment, piece." 7 OxfordEnglish Dict. 497. He directed that it should become a part of "the trust fund." The word "the" is: "A demonstrative adjective used chiefly before a noun to individualize, specialize, or generalize its meaning, having a force thus distinguished from the indefinite, distributive force of a, an, and from the abstract force of the unqualified noun." Webster's NewInternational Dict. (2d ed.). The specific trust fund of which this bequest is to become a part is that "created by the will of Henry McCoy Norris." That trust was actually in existence at the date of the testator's codicil in which he described it with sufficient accuracy as to insure its identity and the identity as well of the corporate trustee to which the bequest is made.
The rule denotable as incorporation by reference is the product of judicial construction. It should not be ignored, nor should it be dilated beyond its logical and beneficial limits. In the nature of things there must be circumstances beyond its apparent generality. Words are symbols and are presentational, and some reference in a will to matters extrinsic is not only common but inevitable. Except in a most diffusive fashion the doctrine has little, if any, application to the circumstances of the present case.
I am unable to discern any distinction in substance between *Page 235 
this case and that decided by Vice-Chancellor Berry, entitledSwetland v. Swetland, 100 N.J. Eq. 196; 134 Atl. Rep. 822;affirmed, 102 N.J. Eq. 294; 140 Atl. Rep. 279. Vide, also,Condit v. De Hart, 62 N.J. Law 78; 40 Atl. Rep. 776; In theMatter of Fowles, 222 N.Y. 222; 118 N.E. Rep. 611; In the Matterof Rausch, 258 N.Y. 327; 179 N.E. Rep. 755; Industrial Trust Co.
v. Colt, 45 R.I. 334; 121 Atl. Rep. 426; Bemis v. Fletcher,251 Mass. 178; 146 N.E. Rep. 277; Dexter v. Harvard College,176 Mass. 192; 57 N.E. Rep. 371; In re Willey's Estate, 128 Cal. 1; 60 Pac. Rep. 471. It was the indubitable intention of this testator to augment the corpus of the trust fund established by his stepson. The bequest is accordingly made to The First National Bank of Cincinnati, Ohio, in its capacity as trustee. As trustee of that trust, it is identified as the legatee.
Having determined that it was the intention of the testator to add his bequest to the corpus of the trust fund then existing in Ohio, is there any reason why this court should arrest its accomplishment? The complainant suggests that the testamentary trust with which the bequest is to coalesce is in its extremity violative of our rule against perpetuities.
Any right or interest enabling the complainant here to impugn the validity of the Ohio trust is not conspicuous. That testamentary trust was created by a testator domiciled in Ohio. The present life beneficiary of the income resides there. Thesitus of the trust is in that state. Its administration and enforcement are there. It was the manifest intention of our testator, Grosvenor, that his contribution to the trust should be administered there.
Tentatively supposing that under the terms of the Norris trust the ultimate possible gift of corpus is void under our rule against perpetuities, it is not apparent that the prior gifts are so inseparably interwoven with the invalid ultimate gift or so in aid of accumulation as to contravene the rule. Cf. First Camden,c., Trust Co. v. Collins, 114 N.J. Eq. 59; 168 Atl. Rep. 275.
Indeed, the said Nixon Grosvenor Norris is the designated life beneficiary, and it would seem that he is lawfully entitled to the benefits to be derived from the increased corpus. McGill v.Trust Co., 94 N.J. Eq. 657; *Page 236 121 Atl. Rep. 760; affirmed on point here pertinent in 96 N.J. Eq. 331; 125 Atl. Rep. 108; Second National Bank of Paterson v.Curie, 116 N.J. Eq. 101; 172 Atl. Rep. 560. See, also, Gray,The Rule Against Perpetuities (4th ed.) 270 § 249.8.
In any event, the Ohio trustee obviously is the holder of the legal title of the trust property for those lawfully or equitably entitled thereto. The Pennsylvania Co., c., v. Robb, 118 N.J. Eq. 529,532; 180 Atl. Rep. 410; affirmed, 123 N.J. Eq. 232;196 Atl. Rep. 741; Murphy v. Morrisey Walker, Inc., 99 N.J. Eq. 238,240; 132 Atl. Rep. 206. Neither the complainant nor this court in the circumstances need assume present concern about the eventual administration of the Norris trust. The complainant will fully discharge its immediate duty by transmitting the one-third part of the rest, residue and remainder of the testator's estate now in its hands to the trustee of the trust created by the will of Henry McCoy Norris, deceased.
 Decree accordingly. *Page 237