Carol Ann SCHLANGER, formerly Carol
Ann Simon, Appellant,

v.

John E. SIMON, Trustee Under the Will of
Israel M. Simon, deceased, Frederick Nuss-
baum, Trustee Under the Will of Israel
M. Simon, deceased, John E. Simon, Ed-
gar J. Moch, Jr. and Frederick Nussbaum,
as Executors Under the Will of Freder-
ick M. Simon, deceased, as Substitute De-
fendants in the Place and Stead of Fred-
erick M. Simon, Trustee Under the Will of
Israel M. Simon, deceased, Neil Simon
and Mark Simon, Jr., Respondents.

No. 47929.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1960.

Selden Blumenfeld, James L. Zemelman, Blumenfeld & Abrams, St. Louis, for appellant.

Tobin & Hughes, Henry C. Hughes, St. Louis, for respondents.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment for defendants in her action for an accounting wherein she claims that the trustees of a trust, of which she is one of the beneficiaries, wrongfully disbursed $37,038.35 of the principal of the trust and wrongfully deprived her of $4,356.38 income therefrom.

Israel M. Simon died testate on September 3, 1935. By the fifth clause of his will he created a trust consisting of "one-half of all the rest, residue and remainder of my estate" and named two of his sons, Fred and John, as trustees thereof. Two-thirds of the income therefrom was to be paid to a third son, Mark Simon [hereafter referred to as Mark Simon, Sr.], during his lifetime, and one-third to his grandson Mark Simon, Jr. and to Mathilda Simon, his wife. After making provisions concerning the investment of the principal, the testator provided that "My trustees shall also have the right to pay a part of the principal of said fund to the beneficiaries under this trust, if, at any time during the period of the trust, they deem it advisable to do so."

In the seventh clause of the will it was provided that upon the death of Mark Simon, Sr. "his share in the trust estate shall be continued in trust and out of the income of that part of my trust estate" the trustees should pay to his widow, Nell Simon, "during her lifetime or until she remarries one-half of the net income of that

part of the income which my son, Mark, was entitled to during his lifetime, and the other one-half of the income to my great granddaughter Carol Ann Simon * * * and to any other children of my grandson, Mark Simon, Jr. * * * until said Carol Ann Simon reaches the age of 21 years, at which time the principal and accrued income of that part of the trust estate shall be divided between the children born to my grandson Mark Simon, Jr. and his wife, Mathilda Simon, share and share alike." Carol Ann Simon, the plaintiff-appellant was the only child of Mark Simon, Jr. and his wife Mathilda. She reached her majority on May 22, 1955. Mark Simon, Sr: died in 1939. Mark Simon, Jr. and Mathilda were divorced in 1940, and Mathilda remarried approximately one month later. Other provisions of the will resulted in an increase of the interest of appellant in the trust upon the occurrence of certain events which at the time of the trial had not occurred.

On October 25, 1940, the date Mark Simon, Jr. and Mathilda were divorced, the Circuit Court of the City of St. Louis entered a judgment in a suit to construe the will of Israel M. Simon brought by the trustees against all beneficiaries of the trust, including "Carol Ann Simon, by Mathilda Simon, guardian ad litem." In the judgment it was recited that Mathilda Simon and "Carol Ann Simon, a minor, by Mathilda Simon her guardian ad litem" appeared by counsel, and that the defendants entered their appearances in this action and "filed their answers and consent to the entry of a decree in accordance with the prayer of plaintiff's petition." This judgment recited that "it is necessary to the proper execution of the duties of the plaintiffs, as trustees, that they be instructed by this court and that clauses *Fifth, Sixth* and *Seventh* of said will be construed." The Court then recited that "Mark Simon, Jr. is physically incapable of working and earning any money and that he has not for some time past furnished any support for the defendant Mathilda Simon, his wife, or for his child, Carol Ann Simon, and that the income from said one-third of the trust has not been and is not sufficient to provide support and maintenance for defendant Mathilda Simon," but that Mathilda Simon is willing to agree that in the event the trustees, in the exercise of their discretionary powers, distribute to her one-half of the principal of one-third interest of the trust estate, amounting to the sum of $9,000, she would waive and forego, as beneficiary under said will, any and all further claims against and with respect to said trust estate. The Court then approved the payment of $9,000 by the trustees to Mathilda Simon out of the principal. Appellant does not challenge this payment to her mother of principal of the trust estate.

The Court construed the provision of the will containing the direction as to what should be done in the event of the remarriage of Mathilda Simon to refer to the "one-third of the estate, income from which was payable to Mark Simon, Jr. and Mathilda Simon." It then decreed that the "remaining one-half of the one-third interest" be held for the benefit of Mark Simon, Jr. during his lifetime, and that the trustees should pay to Mark Simon, Jr. the income therefrom during his life, and that they "shall also have the right to pay any part of the principal of the entire trust estate to Mark Simon, Jr. if at any time during the period of the trust they deem it advisable to do so." Other provisions of the will were construed, but the construction is not material to any issue here.

It was stipulated that between May 31, 1936 and October 14, 1939 (the date of death of Mark Simon, Sr.) the trustees paid to Mark Simon, Sr. out of the principal a total of $12,293.37; and paid $6,146.70 to or for the account of Mark Simon, Jr. and Mathilda Simon. During that period all the net income was paid as follows: two-thirds to Mark Simon, Sr. and one-third to Mark Simon, Jr. and Mathilda Simon. From October 19, 1939 to October 25, 1940 (the date Mark Simon, Jr. and Mathilda

were divorced) the trustees paid $1,073.41 out of the principal of the trust to Mark Simon, Jr. and Mathilda Simon, and during said period paid the income as follows: one-third to Mark Simon, Jr. and Mathilda Simon, one-third to Nell Simon, and one-third to Carol Ann Simon. From October 26, 1940 to May 22, 1950 (when Carol Ann obtained her majority) the trustees paid $14,425.50 out of the principal to Mark Simon, Jr., and paid the income as follows: one-fifth to Mark Simon, Jr., two-fifths to Nell Simon, and two-fifths to Carol Ann. On May 22, 1955 the trustees paid Carol Ann "as her purported distributive share of the principal" the sum of $22,211.64. From May 22, 1955 to June 30, 1958 the trustees paid $3,099.37 out of the principal to Mark Simon, Jr., and paid the income as follows: five-sixths to Nell Simon and one-sixth was placed in a reserve account.

Appellant's first point in her brief is as follows: "The Court erred in entering judgment in favor of the defendants and against the plaintiff and in dismissing plaintiff's petition, for the reason that the agreed and undisputed evidence in the case conclusively established that the defendants paid out of the principal of the trust large sums of money to or for the account of certain beneficiaries, contrary to and in violation of the terms and provisions of clauses Fifth and Seventh of the Last Will and Testament of Israel M. Simon, deceased, and that such payments diminished and unlawfully encroached on plaintiff's share of the income therefrom and the principal thereof, and consequently under the law and the undisputed evidence the judgment of the court should have been for the plaintiff."

■ On an appeal in an equity case, such as this, the appellate court reviews the whole record, determines the weight and value of the evidence, and reaches its own conclusions as to the facts, giving due deference to the findings of the chancellor who saw the witnesses and heard their testimony. Botto v. James, Mo.Sup., 209 S.W.

2d 256; Mueller v. Mueller, Mo.Sup., 318 S.W.2d 365. But the appellate court performs the above functions only in respect to the specific matters urged by appellant as constituting error. It does not review the whole case on its own initiative to determine what result it would have reached if it were sitting as the trial judge. The parties stipulated that the trustees paid approximately $37,000 out of the principal of the trust to certain beneficiaries, but why does appellant assert that this was wrong? In view of the encroachment provision contained in the fifth clause of the will, any payment from principal was not wrongful as a matter of law. Appellant says the payments were in violation of the terms of the fifth and seventh clauses of the will. What terms of these clauses of the will? As set out in our statement of facts these clauses had many provisions. Is it because she contends that the trustees were not permitted to make any payments from principal? Is it because, even though permitted to make some payments from principal, they were not permitted to make the specific payments for the specific purposes or in the specific amounts? Is it because appellant thinks the trustees abused their discretion, if they were entitled to exercise a discretion? Or does appellant contend that the judgment of the Circuit Court entered on October 25, 1940 construing the will was wrong, or if not wrong that the acts of the trustees violate the provisions of the trust as construed, or that the judgment is not binding on her and is of no effect? An appellate court should not become an advocate of one of the parties, and therefore it is not the duty of an appellate court to search the evidence in an effort to find some theory, and facts in support thereof, to establish a general assertion that the trial court reached the wrong result.

■ Appellant's first point does not comply with Supreme Court Rule 83.05(e), V.A.M.R., wherein it is stated that "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and

concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed." However, sometimes an appellate court, in a spirit of helpfulness, will look to the argument in a brief for aid in determining the precise contention of error sought to be made in a point, particularly in an equity case, and we have done so in this case. Appellant argues that the word "part" is defined to be "an integral portion, something essentially belonging to a larger whole," citing First-Merchants Nat. Bank of Trenton v. Norris, 134 N.J. Eq. 229, 34 A.2d 746, 747, and that the phrase "any extension of time" was held in Tuten v. Bowden, 173 S.C. 256, 175 S.E. 510, 511, 94 A.L.R. 1443, to mean any one extension of time and not each and every extension of time. The exact purpose of this argument is not readily apparent. It seems, however, that it is contended that the provision in the will that the trustees had the right to pay a "part" of the principal to the beneficiaries if "at any time" they deem it advisable to do so should be construed to mean that the trustees had the right to exercise that discretion only once. If this is the contention we disapprove it as being diametrically opposed to the obvious purpose of the encroachment provision in the fifth clause of the will and contrary to the clear and unequivocal language used therein. It is also contrary to the construction of the encroachment clause made by the circuit court in its judgment of October 25, 1940.

■ Appellant seems to challenge the propriety of at least some of the payments of principal, but she does so only by setting forth in her argument this question: "Can repayments of loans, payments of ordinary medical bills, payments to automobile agencies, payments of ordinary living expenses all out of trust principal be realistically considered to be within the power on encroachment established by the trust instrument?" No reason is advanced why in her opinion they could not. The evidence shows that Mark Simon, Sr. was ill during the last few years of his life with pulmonary tuberculosis and spent substantial and frequent periods in hospitals. For all we can tell from appellants' brief the expenses of this illness are what she refers to as "ordinary medical bills." Mark Simon, Jr. was ill with acute and chronic alcoholism, psychoneurosis and emotional instability. Hospitalization and medical care brought about a substantial if not complete rehabilitation. Appellant does not in any way attempt to show in her brief why the payment of his expenses under the circumstances was not a matter for the exercise of discretion by the trustees.

We conclude that by her first point, even when we look to the argument in her brief in an effort to discover the actual contention of error intended to be made, we find no meritorious contention of error concerning the payments from the principal of the trust estate made to beneficiaries of the trust.

Appellants' second point is as follows: "As a matter of law and under the agreed and undisputed evidence the court was bound to find that the payments made by the defendant trustees out of the principal of the trust estate to or for the accounts of Mark Simon, Sr. and Mark Simon, Jr. in excess of their respective shares in the trust estate constituted abuses of the discretion invested in the trustees under the provisions of clause Fifth of the Last Will and Testament of Israel M. Simon, deceased, and to order their removal and appointment of their successor or successors, and accordingly, the court erred in failing to so find."

■ It is to be noted that as the point is stated the only contention is that the trustees abused their discretion in making payments of principal to Mark Simon, Sr. and Mark Simon, Jr. *in excess of their respective shares* in the trust estate. From her argument we find that appellant contends that a beneficiary's "respective share" is his "mathematically calculated interest" in

the principal of the trust estate, and as an example she states that when "the one-fifth interest in the principal designated for income purposes to Mark Simon, Jr. had been paid out to him, he was in no way entitled to further principal or income disbursements from the trust estate." According to appellant's theory, the "respective share" of Mark Simon, Sr. during his lifetime was two-thirds of the trust estate. At the time of his death the trustees had paid to him $12,293.37 from the principal thereof. Without any reductions by reason of any payments of principal, the trust estate at the time of the death of Mark Simon, Sr. would have exceeded $59,000. Therefore, the "respective share" of Mark Simon, Sr., according to appellant's theory, was in excess of $39,000. While we do not agree with appellant that under the circumstances the right of the trustees to make payments of principal to beneficiaries was limited to what she contends was their "respective share," we need consider no further her contention that the trustees abused their discretion in making payments to Mark Simon, Sr. in *excess* of his "respective share."

In considering appellant's second point in respect to the payments of principal made to Mark Simon, Jr., we note that appellant does not contend in the point that payments made to him in excess of his "respective share" were not authorized in any event, but only that such payments were an abuse of discretion under the circumstances. Such a contention is implied, however, in the argument as evidenced by the example in appellant's brief which we previously quoted concerning the interest in the trust estate of Mark Simon, Jr. We also note that appellant makes no specific challenge in her points or argument concerning the effect of the judgment of the circuit court in 1940 construing the will, except the unmeritorious contention that it was improperly admitted into evidence because it was immaterial. In that suit, to which appellant was a party, the court decreed that the trustees had the right to pay "any part of the principal of the entire trust estate to Mark Simon, Jr. if at any time during the period of the trust they deem it advisable to do so." As to the right of the trustees to seek a decree construing the trust provisions of the will, and the effect of such a decree on the parties to the suit, see Bolles v. Boatmen's Nat. Bank of St. Louis, 363 Mo. 949, 255 S.W.2d 725, 732; 90 C.J.S. Trusts § 261 pp. 311 and 320. We shall, therefore, limit our consideration to the asserted abuse of discretion in making the payments to Mark Simon, Jr. in excess of what appellant describes as his "respective share."

It is with some difficulty that we determine on what basis appellant contends that such disbursements were an abuse of discretion on the part of the trustees. She does not set out in the point or argument any particular payments which she contends were improper or unnecessary. She tacitly admits that the payments were necessary, but she thinks the money should have come from some other source. Note her argument: "But their [trustees] real reason for doing so [making payments from principal] was obvious. They had an alcoholic nephew [appellant's father] to take care of and what better and cheaper way was there to do so than to use the principal of this trust instead of their own money." Of course there was no duty on the individuals acting as trustees to pay personally for their nephew's care, but Israel M. Simon gave them the authority to care for him if necessary by using the principal of the trust of which they were trustees. The substance of appellant's argument is that since her great grandfather had named her "as an income beneficiary of the trust" and had also named her to be "the residuary beneficiary of the corpus of the trust," that it was his intention that "the corpus of the trust be preserved for her." But, it was also his clearly expressed intention that his trustees should have the right to encroach on that

principal of that trust before she was entitled to receive it when they deemed it advisable to do so, and appellant has not set forth in her brief the amount or purpose of any payment of principal to her father which she contends was improper, not needed, or which would constitute an abuse of the discretion vested in the trustees. The burden on this appeal was on appellant to show wherein and why the trial court erred in ruling that the trustees did not abuse their discretion, and appellant has not done so.

In appellant's last point she asserts that the trial court erred in admitting into evidence the judgment of the circuit court of October 25, 1940 construing the trust provisions of the Will and in admitting testimony concerning the health, diagnosis and medical treatment of Mark Simon, Sr. and Mark Simon, Jr. because none of this evidence was material to any issue in the case. No authority is cited.

The judgment of October 25, 1940 obviously was material and relevant. As to the other evidence, appellant contends that payments of principal by the trustees for medical care of her father and grandfather constituted an abuse of discretion, but she says it is immaterial whether their health and physical condition justified an exercise of discretion on the part of the trustees. Her positions are inconsistent. There is no merit to the third and last point.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.