**Guy T. DeCHARIA and Helen DeCharia, his wife, Plaintiffs-Appellants,**

v.

**Frederick FUHRMEISTER and Patricia O. Fuhrmeister, his wife, Defendants-Respondents.**

No. 33210.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Davis & Hannegan, St. Charles, for plaintiffs-appellants.

Robert A. McIlrath, Flat River, for defendants-respondents.

WOLFE, Presiding Judge.

This is an action to enjoin the defendants from maintaining, on their property, a gate which shuts off a road which leads to the property of plaintiffs. There was a judgment for the defendants and the plaintiffs prosecute this appeal.

■ We are here confronted with a brief by the appellants that violates Rule 83.05, V.A.M.R. That rule is clear and simple and easy to follow, yet from time to time we receive briefs which indicate that some counsel either ignore the rule or have no familiarity with it. The rule states: "The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked." The brief before us contains no jurisdictional statement of any kind. The second requirement of the rule is a statement of facts. The brief herein considered, under the heading of "Statement of Facts" contains only a copy of the pleadings and an agreement between the parties as to ownership of the land in question. It contains none of the facts which were developed by the evidence relating to the issues tried. We are thus deprived of

an immediate, accurate and unbiased understanding of the facts in the case, which is the purpose of the statement of facts. Wipfler v. Basler, Mo., 250 S.W.2d 982.

■ The third requirement of the rule is that the brief shall contain "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and *wherein* and *why* they are claimed to be erroneous, with citation of authorities thereunder. * * *" (emphasis supplied) Under the heading of "Points Relied On" in the brief before us there are three statements. Each sets out that the court erred in making a certain holding. None of them contain any statements as to "wherein and why" the holdings are deemed erroneous. There are no authorities cited under each point, but under all three "points" raised is a list of authorities without any designation as to which point they are supposed to support. The brief in this respect is also in complete non-compliance with the rule. Herrick Motor Co. v. Fischer Oldsmobile Company, Mo.App., 421 S.W.2d 58; Sambroski v. Price, Mo.App., 417 S.W.2d 205.

■ The rules of appellate practice are intended to facilitate the work of the court and the litigants in order that the issues presented are considered in an orderly manner. Glick v. Glick, Mo.App., 360 S.W. 2d 333, 1. c. 335. Rule 83.09 V.A.M.R. provides that upon failure to comply with Rule 83.05 that we dismiss the appeal or affirm the judgment unless good cause is shown or the interests of justice otherwise require. The court may suspend or modify the rule in a particular case upon a showing that justice so requires.

■ From a careful examination of the transcript and the evidence and the authorities cited, we have concluded that the interest of justice does not require us to suspend or modify the rule.

We therefore dismiss the appeal, and it is so ordered.

BRADY, J., concurs.