William Edward **HARBAUGH**, Plaintiff-Respondent,

v.

Patsy Rae **HARBAUGH** (Tachett), Defendant-Appellant.

No. 9094.

Springfield Court of Appeals, Missouri.

Oct. 13, 1971.

**450**

Max H. Glover, Webb City, for defendant-appellant.

F. Jack Burress, Joplin, for plaintiff-respondent.

HOGAN, Judge.

This is an action to modify the custody provisions of a decree of divorce. Plaintiff was granted a divorce from defendant by the Circuit Court of Jasper County on April 13, 1969. The parties are the parents of three children, two small boys and a little girl, Sherrie, who at trial time was about two and one-half years old. The original decree provided that the plaintiff was to have custody of the two boys and defendant was to have custody of the little girl. After a hearing on this motion to modify the decree, the trial court granted custody of all three children to the plaintiff, subject to defendant's right to visit the children at reasonable times. The defendant appeals.

We observe at the outset that the defendant's brief—the only brief filed here—is seriously deficient, so seriously deficient, in fact, as to justify a dismissal of the appeal. Rule 83.05, V.A.M.R., requires that an appellant, as a preliminary to the consideration of an appeal, set forth the facts disclosed by the evidence and make a fair and concise statement of the facts relevant to the questions presented for determination. Rule 83.05(c), V.A.M.R.; Gorman v. Kauffman, Mo.App., 188 S.W.2d 70, 71 [1, 2]. Rule 83.05 further requires that the appellant state briefly and concisely what actions or rulings of the trial court are claimed to be erroneous, and briefly and concisely state why it is contended the court was wrong in any action or ruling sought to be reviewed. Perfection is not required, but Rule 83.05(a)(3) and (c) contemplate some particularization of the question or defect presented. In re Estate of James, Mo.App., 459 S.W.2d 536, 538 [1]. Mere abstract statements do not satisfy this requirement, Yates v. White River Valley Electric Co-operative, Mo.App., 414 S.W.2d 808, 811 [3], and as this court pointed out there, even in a court-tried case the burden is still on the appellant to demonstrate specific error, and we are required to review the case only in respect to

those specific matters urged by the appealing party. Schlanger v. Simon, Mo., 339 S.W.2d 825, 828, 831 [1] [8]; Yates v. White River Valley Electric Co-operative, supra, 414 S.W.2d at 811 [4]; and see Pfotenhauer v. Ridgway, 307 Mo. 529, 534, 271 S.W. 50, 51 [5]. The purpose of these provisions, we may again note, is not simply to facilitate the work of this court, though that is one purpose of the rules of appellate practice. DeCharia v. Fuhrmeister, Mo.App., 440 S.W.2d 182, 184 [3]. As noted by the Supreme Court in Schlanger v. Simon, supra, 339 S.W.2d at 828 [3], and by this court in Yates v. White River Valley Electric Co-operative, supra, 414 S.W.2d at 812, we cannot in fairness become an advocate for the appellant and search the evidence in an effort to find some theory, and facts in support thereof, to establish a general assertion that the trial court reached the wrong result.

■ The brief filed by the appellant on this appeal is not quite as deficient in the statement of facts as the brief considered in Walker v. Thompson, Mo., 338 S.W.2d 114, 117 [8], where the appellant's "Statement of Facts" did not contain a single sentence concerning the facts or evidence in the case relevant to the issues on appeal; nevertheless, appellant has limited herself to 21 printed lines which very sketchily show, chronologically, the pleadings filed and the orders entered in the case. The appellant's statement of points relied on has the same vices as that noted in the *Yates* case; no effort has been made to correlate the statements of principle made with the facts of the case. We would be fully justified in dismissing the appeal because of the inadequacy of the brief filed. Walker v. Thompson, supra, 338 S.W.2d at 118 [10]; DeCharia v. Fuhrmeister, supra, 440 S.W.2d at 184 [3]; Gorman v. Kauffman, supra, 188 S.W.2d at 71–72 [1, 2] [3] [4, 5].

■ Because this case involves the custody and welfare of a small child, we decline to dismiss the appeal without consideration on the merits, and we have carefully reviewed the 51-page record filed on both the law and the evidence, as prescribed by Rule 73.01(d), V.A.M.R. Nevertheless, neither the performance of our duty under that rule nor the constitutional mandate that we reduce our opinion to writing, Mo.Const. Art. 5, § 12, V.A.M.S., requires that we set forth all the evidence heard in tedious detail, consider all the permissible inferences which might be drawn therefrom, state all the well known and sometimes platitudinous principles which govern the awarding of custody of minor children, and justify or reject the judgment of the trial court, as this court has so often done ex gratia in the past. Schlanger v. Simon, supra, 339 S.W.2d at 828 [1–3]; Smarr v. Smarr, 319 Mo. 1153, 1161–1162, 6 S.W.2d 860, 861–862 [1]; First National Bank of Malden v. Farmers New World Life Insurance Co., Mo.App., 455 S.W.2d 517, 521 [1]. The facts are that at the time the original award of custody was made the parties agreed that plaintiff would take custody of the two boys and defendant would take the small girl with whom we are now concerned. The court entered a decree in accordance with this agreement. Defendant moved to Kansas City and remarried, but this marriage lasted only a short time, to be precise, two weeks. The defendant has since been unable to find either remunerative employment or suitable living quarters for herself or her daughter. She has been obliged to leave her child with relatives, who have been unwilling to keep her, or with teenage baby sitters. One of the older children has a serious illness which requires constant medical attention and frequent travel to another city to obtain treatment; the plaintiff consequently is unable to make any substantial contribution to his daughter's support. The plaintiff does, however, have steady employment and a suitable home for his children with his parents in Joplin, and some member of the family is present to attend to the children at all times. The case is similar, in principle at least, to Brand v. Brand, Mo.App., 441 S.W.2d 750. The trial court did not

**452**

have a wide range of choice in making the award of custody. The defendant appears to be unable to care for her child at present, and the supervision she will receive in the father's home is obviously preferable to that which she has received while in her mother's custody. The trial court is vested with broad discretion in a matter of this kind, Dupree v. Dupree, Mo.App., 357 S.W.2d 241, 242–243 [1]; Ramos v. Ramos, Mo.App., 232 S.W. 2d 188, 198–199 [11], and we cannot confidently say that that discretion was abused in this case. The judgment is therefore affirmed.

TITUS, P. J., and STONE, J., concur.