**Harry M. GLASSBURNER and Helen L. Glassburner, Respondents,**

v.

**Joe BURTRUM and Norma Burtrum, His Wife, Appellants.**

**No. 52387.**

Supreme Court of Missouri, Division No. 1.

Sept. 11, 1967.

As Modified on Court's Own Motion Oct. 7, 1967.

John R. Martin, Joplin, for respondents.

Edward G. Farmer, Jr., Leo W. Schrader, Joplin, for appellants.

HOUSER, Commissioner.

This is a suit to quiet title to 20 acres of land in Newton County, brought by Harry M. Glassburner and wife, purchasers at an execution sale, against Joe Burtrum, the judgment debtor, and his wife. Defendants Burtrum filed a cross-bill for improvements made on the property. The circuit court found the issues on petition and cross-bill for plaintiffs and against defendants, decreed title in plaintiffs, and denied recovery for improvements. Defendants appealed.

██ Respondents filed a motion to dismiss the appeal for untimely filing of the notice of appeal and failure to file a motion for new trial. This motion is overruled for the following reasons. The judgment was entered on June 17. No motion for new trial having been filed the judgment became final on July 17 (thirty days after entry of judgment). Civil Rule 82.05(a), V.A.M.R. When no motion for new trial is filed, a notice of appeal may be filed by leave of the trial court "at any time after the expiration of the time for filing a motion for new trial and within thirty days after entry of judgment." Idem. The time for the filing of a motion for new trial expired July 2. The thirtieth day after the entry of judgment was July 17. The notice of appeal was filed between those two dates, on July 15. The notice of appeal, therefore, was timely filed, and the only question is whether failure to obtain leave of the trial court to file the notice of appeal requires dismissal of the appeal. We think not. Any party has an absolute right of appeal, Civil Rule 82.-04, but he should not excercise that right during the 30-day period during which the trial court retains control over its judgment, Civil Rule 75.01, without first obtaining leave. Failure to apply for leave, however, does not affect the validity of the appeal. It merely makes the filing of the notice of appeal premature. Under Civil Rule 82.05 (b) notices of appeal filed prematurely are

considered as filed immediately after the time the judgment becomes final for the purpose of appeal.

■■■ It is a rule of equity, as well as in actions at law, that the filing of a motion for a new trial is a mandatory prerequisite in order to preserve for review allegations of error. Civil Rule 79.03; Adams v. Richardson, Mo.Sup., 337 S.W.2d 911. There are, however, exceptions to this rule, and this case comes within one of them. One exception is that notwithstanding no motion for a new trial has been filed the appellate court may consider the sufficiency of the evidence to support the judgment, in cases tried as provided by Civil Rule 73.01 (without a jury). Civil Rule 79.03. Appellants' first and second points in effect challenge the sufficiency of the evidence to support the judgment and therefore we will determine the propriety of the judgment under the evidence.

On May 7, 1962 the Burtrums owned the land, which was subject to a deed of trust executed by the Burtrums in favor of Lutie Ellis. On that day Securities Investment Company procured a judgment for $197,-088.56 against the Burtrums. Execution issued on the judgment, the sheriff levied on the land in question on May 8, 1962, gave notice of sale and on August 28, 1962 sold the property at public sale to the highest bidder, Harry Glassburner, for $2,100. On September 14, 1962 the sheriff executed and delivered a sheriff's deed to the Glassburners, who recorded the deed the same day. Before the execution sale Glassburner checked the records in the recorder's office and learned that title to the property was in the name of Joe Burtrum and wife and that there was a mortgage on the property.

Meanwhile, on July 21, 1962 the trustee under the deed of trust from the Burtrums to Lutie Ellis, having previously given notice of the time and place of sale by publication in a newspaper, conducted a foreclosure sale of this same property. Bobby Joe Loyd bought in the property for $3,525. Bobby Joe Loyd was a straw party, acting for and on behalf of Joe Burtrum, Loyd's employer. Burtrum asked Loyd to go to the sale and bid the property in for him; brought Loyd to the sale and provided the money which was paid to the sheriff. Bobby Joe Loyd had no money and no intention of buying the property for himself. Loyd disclaimed any personal interest in the property and did not pay for and did not receive the deed to the property. On July 30, 1962 the trustee executed a trustee's deed naming Bobby Joe Loyd as grantee. This deed was never delivered to Bobby Joe Loyd, but was delivered to Joe Burtrum "for Bobby Joe Loyd" when Burtrum came to the trustee's office and picked up the trustee's deed, abstract, note, deed of trust and other papers relating to the title. At that time Burtrum paid the trustee the purchase price. Bobby Joe Loyd was not present. Thereafter Burtrum caused Bobby Joe Loyd and his wife to execute a quitclaim deed to the Burtrums, and on December 3, 1962, five minutes after the trustee's deed to Bobby Joe Loyd was recorded, the quitclaim deed from Bobby Joe Loyd to the Burtrums was recorded.

Three months after the foreclosure sale Glassburner learned that Burtrum claimed an interest in the property when he went to Burtrum to try to purchase the abstract of title. This suit was then filed. After the suit was filed Glassburner learned that the property was being improved (by bulldozing the land). He did not protest the making of the improvements. Most of the work on the property was done after this suit was filed.

The first question is whether Glassburner, the execution purchaser, acquired any title to the land in question by his purchase. The Burtrums claim that a sheriff's deed on execution operates only on the existing title and can convey only such interest as the judgment debtor had at the time of sale; that the Burtrums had no title to the property at the time of the execution sale because their interest had been wiped out by the foreclosure sale of July 21, which they say extinguished the Burtrums' right, title and interest in the property; that

Glassburner took nothing by the execution sale, and that the Burtrums now own the property by acquisition from the purchaser at the foreclosure sale.

The difficulty with appellants' theory is that in truth, fact and law the Burtrums were the actual owners of the property at the time of the execution sale. Glassburner, a purchaser at an execution sale, was bound to take notice of facts exhibited by the public record. He actually examined the record, and found the title in the Burtrums (the trustee's deed to Billy Joe Loyd had not been recorded), and ascertained that there was a deed of trust on the property. In the case of a bona fide sale on foreclosure to a third party Glassburner would have taken subject to the lien of the deed of trust. The sale to the mortgagor's straw party, however, was not a bona fide sale to a third party but in effect was a sale in which the mortgagors were the purchasers. The parties went through the form of a foreclosure sale. Bobby Joe Loyd purported to buy the property but in fact it was a sale to a straw party who had acted at the beck and call of Joe Burtrum; one who purchased the property with Joe Burtrum's money for Joe Burtrum, without any intention of purchasing for himself. It was a sham transaction having the appearance of a bona fide foreclosure sale, amounting in reality to nothing but a sale to the Burtrums through their alter ego; a sale to themselves. The effect of the foreclosure was simply to clear the property of the debt, leaving the straw party holding the bare legal title "for the sole use and benefit of" the Burtrums, Lambert v. Clark, Mo. Sup., 275 S.W.2d 240, and the mortgagors, the Burtrums, holding the equitable or beneficial title. Therefore the Burtrums were the real or actual owners (as well as the record owners) when the execution sale was held on August 28. The sheriff's deed of September 14 conveyed to the Glassburners the bare legal title of Bobby Joe Loyd and the equitable and beneficial title of the Burtrums. The circuit court properly found the issues on the petition for plaintiffs and that plaintiffs own the land in fee simple.

With reference to the cross-petition, the bulldozing and clearing of the land was done by the Burtrums at a time when they knew that the property had been sold under an execution sale, and after the service of summons in this case. They were charged with notice of plaintiffs' title and under the circumstances cannot be said to have made the improvements in good faith. The court properly ruled against appellants on their cross-petition.

Appellants make the further point that the sheriff's deed conveying title to the Glassburners "was defective on its face" but in stating this point appellants give no reason why it is defective and for that reason we would be justified in refusing to consider the point. We find in the argument portion of their brief appellants' statement that the deed affirmatively recites that the execution sale was held in Jasper County when in fact the sale took place in Newton County, but this recital does not prove the fact. Although the deed was introduced and admitted in evidence it does not appear in the transcript and has not been filed here as an exhibit. At no point in the trial did appellants raise any question about the validity of the sheriff's deed. In this situation the exhibits will be taken as favorable to the trial court's ruling and as unfavorable to appellants. Lange v. Baker, Mo.App., 377 S.W.2d 5, 7; Fuzzell v. Williams, Mo.App., 288 S.W.2d 372, 373.

Appellants make the further point that the court erred in refusing testimony as to the value of the land, but in view of the fact that no motion for new trial was filed, this point has not been preserved for appellate review.

No error appearing, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., and SEILER and HOLMAN, JJ., concur.

STORCKMAN, J., not sitting when cause was submitted.