Jack L. BOWERS, d/b/a Jack L. Bowers
Asphalt Paving Company, Plain-
tiff-Respondent,

v.

Gus SPINAIO et al., Defendants,

Gus Spinaio, Defendant-Appellant,

John H. Bingham et al., Defendants-
Respondents.

No. 32524.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1967.

Harold M. Weber, J. A. Gochenour, St. Louis, for defendant-appellant.

Vincent J. Cavanaugh, Florissant, for plaintiff-respondent.

Paul Taub, Overland, for defendants-respondents.

BRADY, Commissioner.

This appeal is from a judgment entered in an action in equity. Plaintiff sought the imposition of a mechanic's lien and also prayed for a money judgment. There was a cross-petition filed by the defendants Bingham against the defendant Spinaio who filed a cross-claim against them and a counterclaim against plaintiff. The trial court granted plaintiff a money judgment against Spinaio, denied his request for a mechanic's lien, awarded judgment to the Binghams on their cross-claim against Spinaio, and denied Spinaio relief as requested by his counterclaim. Spinaio has appealed from that decision. We will hereafter refer to the parties by their names or by their designation in the trial court.

■ The facts contained in our opinion should be stated with reference to the issues therein decided. In most appeals this is relatively easy; in the instant case it is difficult. This for the reason, as the defendants Bingham urge, most of Spinaio's brief presents issues not properly before us. That brief contains six allegations of prejudicial error. Of these, three specifically refer to actions of the trial court which are not alleged as erroneous in the motion for new trial. Alleged errors first presented in an appellant's brief preserve nothing for review when they are not preserved in the motion for new trial. This rule applies to suits in equity. Adams v. Richardson, Mo., 337 S.W.2d 911, l. c. 915 [1]. It follows these three allegations of error present nothing for our review.

■ Another of the allegations of error found in Spinaio's brief reads as follows: "The entire findings and judgments of the Trial Court were *against the weight of the evidence, contrary to the facts and evidence and contrary to the admissions of the adverse parties in their testimony*. The entire transcript should be reviewed by this Court and judgment entered according to the findings of this Court." (Emphasis supplied.) We cannot read the emphasized portion of this assignment of error as presenting the contention the evidence was insufficient to support the judgment. The emphasized portions of that assignment make clear the allegations of error found therein are specifically stated to be based upon other grounds. It is true that at least some of such allegations of error are found in the motion for new trial. Therein it is alleged: "1. That the portion of the Judgment in favor of plaintiff and against this defendant is against the weight of the evidence." That same language is repeated as to that portion of the judgment in favor of defendants Bingham and against Spinaio.

The motion for new trial also contains the allegation the judgment in favor of defendants Bingham and in favor of plaintiff is "contrary to the other evidence". It does not contain any allegation the judgment in favor of plaintiff or the defendants Bingham was "contrary to the admissions of the adverse parties in their testimony" as found in the assignment of error contained in Spinaio's brief, and that attack upon this judgment is therefore not preserved for review. Adams v. Richardson, supra. Insofar as the allegations the judgment is "against the weight of the evidence" and "contrary to the facts and evidence" are concerned, they preserve nothing for our review as they fail to comply with Civil Rule 83.05(a) (3) and 83.05(e), V.A.M.R., requiring the points relied on in a brief to briefly and concisely state the actions of the trial court claimed to be erroneous and why such contention is made. See In re Hyman's Adoption, Mo.App., 297 S.W.2d 1; Civil Rule 83.05, Note 167 et seq., V.A. M.R.; Jeans v. Jeans, Mo.App., 348 S.W.2d 145; Walker v. Thompson, Mo., 338 S.W.2d 114. The emphasized portion of this assignment of error therefore presents nothing for our review.

■■■ Does the last sentence in this allegation present anything for our review? The motion for new trial does contain assignments of error which, although lacking in clarity, when given a liberal reading can be construed to allege the evidence is insufficient to support this judgment. Of course, even if the motion for new trial had been deficient in that respect, such a contention may be presented for the first time in the brief. Civil Rule 79.03, V.A. M.R. What we are here concerned with is determining how this sentence should be construed. In this connection it must be noted that while the contention the evidence is insufficient to support the judgment can be raised for the first time upon appeal, it is too well settled to require citation of authority that such contention must be presented in appellant's brief in order to preserve it for review. The question is wheth-

er this sentence is an attempt to preserve in the brief the contention found in the motion for new trial the evidence is insufficient to support this judgment or merely an attempt to concisely state the well-known rules of appellate review applicable to equity or jury-waived cases; i. e., that we are to review the whole record and determine the weight and value of the evidence, reaching our own conclusions as to the facts after giving due deference to the findings of the chancellor in matters resting upon the credibility of witnesses. We believe it to be the latter and under that view this sentence of this assignment of error preserves nothing for our ruling. We are supported in this view by the fact that nowhere in the entire argument on this or any other point in Spinaio's brief are the words "the evidence was insufficient to support the judgment" used. Neither is there language tantamount to that clause to be found anywhere in the brief. However, we are of the opinion the same result would obtain were we to construe this sentence as an attempt to preserve in the brief the allegation of the motion for new trial to the effect the evidence is insufficient to support the judgment. In Schlanger v. Simon, Mo., 339 S.W.2d 825, 1. c. 828, there is a recitation of the rules of appellate review in equity cases. We have earlier herein summarized those rules to the effect that we are to review the whole record, etc. Immediately following that recitation the court in Schlanger stated: "But the appellate court performs the above functions only in respect to the specific matters urged by appellant as constituting error. It does not review the whole case on its own initiative to determine what result it would have reached if it were sitting as the trial judge. * * * An appellate court should not become an advocate of one of the parties, and therefore it is not the duty of an appellate court to search the evidence in an effort to find some theory, and facts in support thereof, to establish a general assertion that the trial court reached the wrong result." In Yates v. White River Valley Electric Co-Operative, Mo.App., 414 S.W.2d

808 [4], a jury-waived case, the same view of an appellant's duty with regard to compliance with Civil Rule 83.05(a) (3) and (e), supra, as that taken in Schlanger v. Simon, supra, and the instant case, is expressed. We do not construe Glassburner v. Burtrum, Mo., 418 S.W.2d 119, as being in point on this issue. That decision deals only with the propriety of raising the issue of insufficiency of the evidence to support the judgment where no motion for new trial has been filed. It does not rule the question involved in the instant appeal; i. e., how or in what manner such an allegation must be stated in the brief. Moreover, in Glassburner, supra, the opinion states the allegations in the brief were effectively worded to raise the issue. We are here concerned with a brief wherein the opposite is true. It follows that even if we were to consider this sentence as raising the contention the evidence was insufficient to support the judgment nothing is preserved for our review for the reason Spinaio has failed to point out the specific respects in which he contends the evidence is insufficient.

■ There are two allegations of prejudicial error found in Spinaio's brief which are contained in the motion for new trial, preserved in the brief, and are before us for review. Paragraph 7 of the motion for new trial reads as follows: "That the findings in favor of defendant, Bingham, in the amount of Four Thousand Seven Hundred and Twelve Dollars and 11/100 ($4,712.11) and Two Hundred Twenty Six and 40/100 Dollars ($226.40) is beyond the scope of the pleadings in that defendants, Bingham, neither alleged such sum due them nor proved such sum due them." Almost identical language appears at Points IV and V of the brief. However, even as to these matters Spinaio attempts in his brief to advance reasons why the trial court erred in giving judgment for the larger amount other than those stated in the motion for new trial. As previously stated, these additional arguments must be disregarded. Adams v. Richardson, supra. It follows the issues presented in this

appeal for our ruling are: (1) was there any proof upon which to base the judgment in favor of defendants Bingham in the amount of $4,712.11 and $226.40; (2) whether judgments for such sums are (to quote from Spinaio's motion for new trial and brief) "beyond the scope of the pleadings."

It will be helpful if we review in a very general way how this case arose. The pleadings are of some pertinence. Plaintiff filed his mechanic's lien petition against Spinaio, the defendants Bingham, and other defendants who held security interest in the Bingham property on the theory Spinaio was the general contractor for the Binghams and at his request and under contract Bowers had done certain asphalt and paving work on the Bingham land. Plaintiff alleged he had demanded the price agreed upon, received part payment, and still had a certain sum due him for which he prayed a money judgment against Spinaio and the imposition of a mechanic's lien against the property. (As stated earlier herein the mechanic's lien was denied and there is no appeal from that decision.) In their answer the Binghams admitted ownership of the property and denied the other allegations of the petition for lack of knowledge. For their cross-claim they alleged agreements with Spinaio whereby he was to construct for them on their property a building containing five stores for $47,-200.00; that Spinaio built the building but failed to pay the subcontractors with the result that mechanic's lien actions were filed clouding their title; that on Spinaio's request they had mistakenly paid an amount not pertinent to this appeal for extra work although it was not due; and that Spinaio had received and kept for himself tenants' rent and rent deposits which exceeded the amount they owed Spinaio by $1,254.25. In those parts pertinent to this appeal the prayer of the petition was for " * * * such amounts as this Court may determine to be due against the aforesaid structure by way of Mechanics' Liens, * * * (other sums not pertinent to this appeal)

\* \* \* for the aforesaid sum of twelve hundred and fifty-four dollars and twenty-five cents ($1254.25) with interest thereon from the respective dates of receipt thereof by Defendant Spinaio, and for the costs of this Action, and for such other and further relief as to the Court may seem just and proper in the premises." The pleadings are devoid of any reference to the sum of $226.40.

A detailed résumé of all of the evidence as to these matters is unnecessary. It is sufficient to note the defendants Bingham served interrogatories on Spinaio and that among these were the following questions and answers which were read into evidence without objection. " 'Question 21: When the notification, alleged in paragraph 4 of Spinaio's cross-claim was allegedly given, had Spinaio accounted to defendants Bingham for rents he had collected up to that time? Answer 21: Yes. Question 22: If the answer to the preceding question is in the affirmative, state in what manner Spinaio accounted to defendants Bingham; state when he accounted to defendants Bingham; state the amounts of money he had collected up to this time; state the amounts of money he had turned over, if any, to defendants Bingham. Answer 22: By check each month. The total amount collected by Mr. Spinaio being $12,483.60 and the total amount paid to Mr. Bingham being $7,771.49.' " There was *no evidence* the difference between these two sums was paid to the Binghams and such was not Spinaio's contention. His position was and still is that the difference of $4,712.11 was all or substantially all exhausted by crediting that sum to his account for work which he characterized as "extras". The trial court found against him on this issue and, while it is not specifically in dispute in this appeal, it should be stated there is ample evidence upon which the trial court could base its finding Spinaio was not authorized to charge for "extras".

The witness Hoene testified he disbursed the money with which these buildings were to be constructed and included in such dis-bursements was the sum of $226.40 for builder's risk insurance. There is no evidence as to a refund of this amount to be found in the transcript outside of the evidence given by Hoene as to disbursement of this sum. The only other references to these figures found in the transcript are in the trial court's judgment and in Spinaio's motion for new trial. Neither do the exhibits show such sum as refunded. Defendants Bingham's Exhibit "M" consists of the December statement of account given to them by Spinaio containing certain charges and credits. Among these are "Credit by cancellation of liability policy—$229.70" and "Credit by cancellation of plate glass policy—$224.94." There is no other reference to the sum of $226.40 that can be found in this record. Spinaio's brief is devoid of any reference to this sum except in the statement contained in his POINTS AND AUTHORITIES, and the following sentence in the brief: "The portion of the judgment for Builder's Risk Insurance premium refund of $226.40 was incorporated in the extras totalling $1,750.-00, and is a duplication of that judgment. It also should be set aside."

We will first deal with the contention the trial court erred in including the sum of $4,712.11 within the judgment awarded the defendants Bingham on the grounds that such sum was beyond the scope of the pleadings and is unsupported by the evidence. Insofar as the judgment for this amount being beyond the scope of the pleadings is concerned, it is true that in the cross-claim the defendants Bingham only requested judgment in the amount of $1,-254.25 for rents and deposits collected by Spinaio and not paid to them. The only argument found in Spinaio's brief relating to the award of this sum is contained in three short paragraphs. The only reference made therein to the contention that the inclusion of this sum was beyond the pleadings is the statement that such an award results in the defendants Bingham being given " \* \* \* almost $3,500.00 more than they requested in their cross-petition."

Civil Rule 55.54, V.A.M.R., states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.*" (Emphasis supplied.) As stated earlier herein the defendants Bingham introduced into evidence without objection from Spinaio certain interrogatories and answers thereto which showed Spinaio had collected rents which he had not paid to the Binghams in the amount of $4,712.-11. There was no evidence to the contrary. It is crystal clear from the transcript this was an issue in the Binghams' cross-claim and was tried as such. Moreover, Spinaio overlooks the fact this case was an equitable proceeding. In such cases the pleadings do not strictly bind the court and this is especially true where there is a general prayer for relief as there was in the instant case. Cannon v. Bingman, Mo.App., 383 S.W.2d 169. The contention that the trial court erred in including the sum of $4,712.11 in the judgment for the defendants Bingham on the ground that such an amount was beyond the scope of the pleadings is without merit.

■ Was there evidence to support such an award? The interrogatories and answers that were introduced into evidence clearly constitute sufficient evidence upon which the trial court could base the award of such a sum to the defendants Bingham. Again it should be pointed out that Spinaio never contended at the trial, in any after-trial motion, nor in his brief before this court this sum had not been retained by Spinaio from the rents he collected and had never been paid to the defendants Bingham. His contentions in that regard were that the award of such sum was beyond the scope of the pleadings, a matter we have ruled against him earlier herein, and that he was

entitled to retain this amount to pay for certain "extras". As we stated earlier in this opinion, the question of "extras" and whether they were to be paid for by the Binghams in addition to the contract price is not properly preserved for appeal and is not before us, and, as we also stated earlier, that issue was ruled against Spinaio by the trial court and there was ample grounds upon which the trial court could base such a ruling. It follows that Spinaio's contention the award of $4,712.11 is unsupported by the evidence is without merit.

■ We pass now to Spinaio's contentions with regard to the inclusion in the judgment awarded the defendants Bingham of the sum of $226.40. The pleadings are devoid of any specific allegation as to this sum being due the defendants Bingham. The evidence as to this sum differs greatly from that found in the transcript with regard to the other amount here in dispute. The only evidence offered with respect to the sum of $226.40 is that such a sum was disbursed. In other words, a premium in that amount for builder's risk insurance was paid. There is no evidence there was any refund in that amount paid to Spinaio and due these defendants. The only evidence that could infer any refund of insurance policies is the notation on Bingham's Exhibit "M" showing credits for cancellation of a liability and of a plate glass policy but the amounts involved were not the same as that awarded to these defendants. Since both the pleadings and the evidence are silent as to this sum except for the fact that it was disbursed, it follows that the trial court did err in including that amount in the judgment.

The judgment awarded the defendants Bingham on their cross-claim against the defendant Spinaio is modified by the deletion therefrom of the amount of $226.40, and the trial court is directed to enter a new judgment on the cross-claim in accordance with this modification. As modified the judgment shall bear interest from the date of the trial court's original entry of

judgment in this cause. The costs on this appeal are assessed one-half against the defendants Bingham, as Spinaio did prevail in part as to his appeal against those defendants, and one-half against Spinaio whose appeal against the plaintiff is dismissed for failure to comply with Civil Rules 79.03, 83.05(a) (3) and 83.05(e), V.A. M.R.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The judgment awarded the defendants Bingham on their cross-claim against the defendant Spinaio is modified by the deletion therefrom of the amount of $226.40, and the trial court is directed to enter a new judgment on the cross-claim in accordance with this modification. As modified the judgment shall bear interest from the date of the trial court's original entry of judgment in this cause. Costs of this appeal are assessed one-half against the defendants Bingham and one-half against Spinaio.

ANDERSON, P. J., RUDDY, J., and JOHN C. CASEY, Special Judge, concur.