**Alice I. TROYER, Plaintiff-Appellant,**

v.

**George CLICK and Ruth Click, Defendants-Respondents.**

**No. 8952.**

Springfield Court of Appeals, Missouri.

June 25, 1970.

Motion for Rehearing or to Transfer to the Supreme Court Denied July 20, 1970.

Application to Transfer Denied Sept. 14, 1970.

**222** ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬

Garland Douglas, Douglas, Douglas & Douglas, Neosho, for plaintiff-appellant.

John B. Newberry, Springfield, for defendants-respondents.

TITUS, Presiding Judge.

Declaring herself to be "the owner and lawfully entitled to possession of" a certain road grader, bulldozer and welder, plaintiff Alice I. Troyer filed her petition-affidavit in replevin in the Circuit Court of Newton County against defendants George and Ruth Click, husband and wife.[1] Rules 99.01 et seq.[2] Following a non-jury trial, the court entered judgment against plaintiff and her surety that she return the grader and bulldozer or, at the election of the defendants, pay the $6,000 value thereof and also pay the $1 damages assessed for the taking and detention of the property. When it was deemed that plaintiff's motion for a new trial was denied (Rule 78.04), she appealed.

■ Plaintiff is the widow of Roy Troyer who was residing at defendants' trailer park near Joplin in Newton County when he died on April 14, 1968. Defendant Ruth Click was Roy's sister. In September 1966 Roy was living in Springfield, Missouri, at the time he, accompanied by defendant George Click, bought the grader and bulldozer from a dealer in that city. Immediately after the purchase, these items were delivered to defendants' trailer court and remained at that location until obtained by the sheriff under the replevin writ on August 17, 1968. Subsequent to Roy's death and acting on the erroneous assumption that he was "domiciled in and a resident of Jasper County, Missouri," at the time of his demise, plaintiff applied to the Probate Court of that county for and the court issued its "Order Refusing Letters For Spouse." § 473.090. Plaintiff's application and the refusal order represented that Roy was the owner of the grader, bulldozer and welder at the time

---

1. The sheriff could not locate the welder and it seems to have been forgotten in the course of the litigation.

2. References to rules and statutes herein are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1959, V.A.M.S.

he died and that these items were the sole assets of Roy's estate.[3]

Plaintiff relied upon the order of the Probate Court of Jasper County and the testimony of her son, Frank Martin, and his wife to establish her right to possession of the property. Martin et uxor asserted that Roy had entreated Martin to come to Missouri from California to run the equipment upon the assurance that if this was not done, Roy intended to sell the property because his brother-in-law, George Click, "would not work." Over defendant's objections that it was "beyond the scope of the pleading," plaintiff was permitted to testify that the funds used by Roy to buy the disputed property came from the proceeds of the sale of a farm she jointly owned with Roy. Further inquiry, however, disclosed that some of these proceeds were used to purchase a jointly-owned house trailer, that plaintiff got "part of the money" following the sale and acquired her "half of the money out of the sale of the farm" after "Roy died." It was defendants' theory that Roy had made an inter vivos gift of the grader and bulldozer to them to aid in "the establishment and building of" the trailer park. Four witnesses, other than the defendants, stated that Roy had told them on various occasions he had given the property to the defendants and that the grader and bulldozer belonged to them.

The points relied on in plaintiff's brief present what must have been a studied disregard of Rules 83.05(a) (3) and (e). They are: "I. The Probate Court is a court of Record with original jurisdiction in all matters pertaining to estates and their decrees are entitled to a presumption of validity the same as other courts of general jurisdiction. Therefore, the order Refusing Letters from Jasper County, Missouri is not void unless and until directly attacked, which was never done in this case, and the Order therefore was entitled to recognition by the Circuit Court of Newton County, Missouri. II. Where both the Husband and Wife contribute to the purchase price and the title to property is taken in one of their names a trust results so each takes a beneficial interest in proportion to his or her contribution to the purchase price."

These points, severally and collectively, preserve nothing for appellate review because they are attempts at asserting abstract principles of law [Bowers v. Spinaio, Mo.App., 421 S.W.2d 790, 792–793(5)] with no effort expended to demonstrate how they relate to the actions of the court as demanded by the rules. Yates v. White River Valley Electric Co-Operative, Mo.App., 414 S.W.2d 808, 811(3). In mandatory language, Rules 83.05(a) (3) and (e) require that "[t]he points relied on * * * shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous * * * and shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and * * * why it is contended the Court was wrong." Chase Realty Company v. Dorel Company, Mo., 437 S.W.2d 65, 66(1). Not only are plaintiff's points bare of any suggestion as to what action of the court is asked to be reviewed or wherein and why it is claimed the trial court's action was erroneous, they

---

3. Contrary to plaintiff's apparent contention, these documents do not equate to a certificate of title as the representations made in the application, and simply repeated by the order, were self-serving declarations of the plaintiff [Gibson v. Smith, Mo., 422 S.W.2d 321, 329(9)] which would be no different than the self-serving declarations contained in the inventory of an estate. Graham v. Plotner, 87 Ind.App. 462, 151 N.E. 735, 739(9).

Although the declarations may have had some probative value because they were received without proper objection having been made [In re Petersen's Estate, Mo., 295 S.W.2d 144, 149(5)], the trial court, as the trier of the facts, could give them such weight as it chose or could properly refuse to believe the declarations in their entirety. Southwestern Bell Tel. Co. v. Crown Insurance Co., Mo.App., 416 S.W.2d 705, 711(6).

are conspicuously void of any assertion or allegation that the court nisi erred in any respect whatsoever. Bryan v. Bryan, Mo. App., 435 S.W.2d 745, 749(3). We recognize that under Rule 73.01(d) an appellant in a court-tried case is entitled to a review of the entire cause upon both the law and the evidence, but this does not excuse compliance with Rules 83.05(a) (3) and (e), and the review to be conducted under Rule 73.01(d) is only in respect to the specific matters urged by an appellant as constituting error. The appellate court "does not review the whole case on its own initiative to determine what result it would have reached if it were sitting as the trial judge. * * * An appellate court should not become an advocate of one of the parties, and therefore it is not the duty of an appellate court to search the evidence in an effort to find some theory, and facts in support thereof, to establish a general assertion [or an implied assertion] that the trial court reached the wrong result." Schlanger v. Simon, Mo., 339 S.W.2d 825, 828(1, 3).

Our recasting of the evidence as above demonstrated, attests that we have, ex gratia, reviewed the entire record on appeal to determine if plain error affecting substantial rights may be involved (Rule 79.04) which would cause us to hesitate in disposing of this case upon a procedural question. Rule 83.24. We find no such error and, moreover, note that in its "Findings of Fact" and "Declaration of Law," the trial court specifically agreed with the principle enunciated in plaintiff's first point and did not declare contrary to her second point. We are required by Rule 83.09 to dismiss plaintiff's appeal for failure to comply with Rule 83.05 unless, for good cause shown, it is indicated that justice requires otherwise. Lane v. Katt, Mo.App., 421 S.W.2d 544, 546(5). No good cause appearing, it is ordered that plaintiff's appeal be dismissed.

STONE and HOGAN, JJ., concur.