**SHELL–CON, INC., a corporation, Plaintiff-Appellant,**

v.

**ARCHITECTURAL CONCRETE, INC., a corporation, Defendant-Respondent.**

**No. 34329.**

Missouri Court of Appeals, St. Louis District, Division Two.

Oct. 31, 1972.

J. Martin Hadican, Robert A. Hampe, St. Louis, for plaintiff-appellant.

W. Scott Pollard, Florissant, for defendant-respondent.

DOERNER, Commissioner.

This action for damages of $1584.34 for the claimed breach of a written contract originated in the Magistrate Court, where plaintiff was denied relief. Its appeal to the Circuit Court was tried to the court sitting without a jury, and resulted in a judgment for defendant, from which plaintiff appeals. We affirm.

In 1965, defendant and Donco Corporation entered into a written contract whereby Donco agreed to furnish labor and equipment for the unloading and erection of 57 precast concrete canopies, for which the defendant contracted to pay Donco the sum of $7100.00. The contract provided that defendant was to transport the canopies to the jobsite, " * * * in sequence required for steady work progress * * *" by Donco. Prior to the start of any work Donco, defendant, and plaintiff entered into a subsequent agreement whereby plaintiff was substituted in the original contract for Donco. The quoted phrase in the original contract provided the issue in dispute. Plaintiff's evidence tended to show that defendant was tardy in making deliveries of the canopies to the jobsite, which resulted in waiting or idle time for plaintiff's labor and equipment. Defendant's evidence tended to show the contrary.

▉ The sole point relied on by plaintiff in its brief is "That the Judgment and Decree of the Learned Trial Court Is Clearly Against the Great Weight of the Evidence." It has been repeatedly held by our appellate courts that an assignment couched in the same or similar language constitutes only an abstract statement, in violation of the specific provisions of Rule 84.04(a) and (d), V.A.M.R. (formerly Civil Rule 83.05 (a) and (e)), and presents nothing for review on appeal. Stanziale v. Musick, Mo., 370 S.W.2d 261; Bowers v. Spinaio, Mo.App., 421 S.W.2d 790; School Services of Missouri, Inc. v. Caton, Mo.App., 419 S.W.2d 954. Furthermore, an assignment that the verdict or judgment is against the weight of the evidence implies that there

was some evidence to support it, Robbins v. Robbins, Mo., 328 S.W.2d 552; it does not purport to raise the question of the sufficiency of the evidence, Bowers v. Spinaio, supra; and it refers to a matter which is essentially for the trial court, Stanziale v. Musick, supra; Robbins v. Robbins, supra.

Plaintiff devotes practically all of the argument portion of its brief to a discussion of the principles applicable to the appellate review of an equitable action, and concludes by asking us to review the record and make our own determination of the facts. While tried to the court, this action for breach of a contract is, of course, one at law. And while Rule 73.01(d) (not cited by plaintiff), governing the appellate review of court-tried cases provides that the appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature, that provision does not excuse plaintiff's compliance with Rule 84.04(a) and (d). Boyd v. Boyd, Mo.App., 459 S.W.2d 8; Lane v. Katt, Mo.App., 421 S.W.2d 544. Nor does the foregoing provision of Rule 73.01(d) cast us in the role of a trial judge and require us to review the entire action to determine what result we would have reached as a trial judge. As the Supreme Court said in Schlanger v. Simon, Mo., 339 S.W.2d 825, 828, regarding appellate review in an equity case: "* * * But the appellate court performs the above functions only in respect to the specific matters urged by appellant as constituting error. It does not review the whole case on its own initiative to determine what result it would have reached if it were sitting as the trial judge. * * *" And see Dill v. Poindexter Tile Co., Mo. App., 451 S.W.2d 365; City of Independence v. Kirchoff, Mo.App., 419 S.W.2d 957; Lane v. Katt, supra.

The essential issue was one of fact, whether or not defendant breached the contract by failing to deliver canopies to be unloaded in sequence required for steady work progress by plaintiff. The trial court determined that issue of fact in favor of the defendant. Previously cited Rule 73.01 (d) also provides that the judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Plaintiff has not pointed to any reviewable error, and the case is typically one where we should defer to the trial court as to the matter of credibility. Biggs v. Moll, Mo., 463 S.W.2d 881.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.