**Elnora BRADLEY, Plaintiff-Respondent,**

v.

**A. David DORSEY, Defendant-Appellant.**

**No. KCD 26076.**

Missouri Court of Appeals,
Kansas City District.

May 7, 1973.

James L. McMullin, Hill & McMullin, Kansas City, for defendant-appellant.

Harold L. Holliday, Holliday & Holliday, Kansas City, for plaintiff-respondent.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ., and DONALD B. CLARK, Special Judge.

PER CURIAM.

Trial of the cause was to the court and judgment was for the plaintiff. Plaintiff recovered damages in the amount of $2,-500.00 for a bullet wound she suffered when the defendant negligently shot her.

Only one point is preserved for our review. The defendant's first point challenges the sufficiency of the evidence to support the judgment. Defendant's second point states, "The judgment is excessive," and is therefore deficient under Rule 84.04 (d), V.A.M.R. as it fails to set out what action or ruling of the trial court is claimed to be erroneous. Troyer v. Click, 457 S.W.2d 221 (Mo.App.1970). The defendant does not dispute his liability, but only the award of damages.

The facts are not in dispute. The plaintiff and defendant were at her apartment

on the night of October 25, 1968. While the plaintiff was standing in front of the defendant and he was "checking" his pistol, it "exploded". The plaintiff did not realize that she had been shot until her daughter told her she was bleeding from the leg. The plaintiff was taken to the emergency room at St. Joseph's Hospital. There, she was examined, had x-rays taken, had the wound cleaned, and was released. The next day, she returned to the hospital to be examined again and have the wound closed by sutures. Ten days later, she returned to have the stitches removed.

The plaintiff testified that she was employed at the time of the shooting, but could not return to work for three-and-one-half weeks after the incident. She returned to work part-time for three weeks, and then, full-time for two weeks. During this period she saw a doctor on two occasions. After returning to her full-time employment, her leg began to cause her pain and to swell, resulting in her admission to St. Joseph's Hospital for a period of sixteen days. She testified that she was charged $734.75 by the hospital. She was unable to return to work for three-and-one-half weeks after her hospitalization.

Plaintiff testified over the defendant's objection that her employer's records indicated she had missed a total of sixteen weeks from work. She normally worked a five day week and earned eighteen dollars a day. On cross-examination, the plaintiff testified that she had received some money from her employer during her absence, but did not know how much. She testified that she had about three-and-a-half weeks of "sick leave" due her at the time of the shooting.

■ Defendant made no timely objections to the plaintiff's testimony that she had missed three-and-a-half weeks of work after the shooting, sixteen days while in the hospital, and three-and-a-half weeks after her release from the hospital. He did not object to her testimony that she worked only part-time for three weeks.

Neither did he object to her testimony of medical bills amounting to $734.75. This evidence must be deemed admitted by the defendant.

■ A review of the transcript and briefs reveals the trial court's judgment was clearly correct. An opinion in this case would have no precedential value. Therefore, we make our determination under Rule 84.16.

The judgment is affirmed.