Pauline CRADER, Plaintiff-Appellant,

v.

Rose JAMISON, Defendant-Respondent.

SAFECO INSURANCE COMPANY, Plaintiff-Respondent,

v.

Tyrone CRADER, Defendant-Appellant.

Nos. 34867, 34868.

Missouri Court of Appeals, St. Louis District.

May 29, 1973.

Val Terschluse, Clayton, for appellants.

Wuestling & James, William F. James, St. Louis, for respondents.

McMILLIAN, Judge.

These two cases are actions arising out of an intersectional vehicular collision. On February 19, 1970, plaintiff-appellant Pauline Crader, filed suit in the Magistrate Court of the County of St. Louis seeking to recover damages allegedly caused by Rose Jamison the driver and joint owner of a vehicle involved in a collision with an automobile owned by Pauline Crader and driven by her son Tyrone. On May 20, 1970, plaintiff-respondent Safeco Insurance Company, a corporation, and an assignee and subrogee of Richard Jamison, the joint owner along with Rose Jamison of the vehicle involved in the above collision, filed suit in the Circuit Court of St. Louis County against Tyrone Crader seeking damages in the sum of $363.59 for damages to Rose and Richard Jamison's automobile. The case of Pauline Crader v. Rose and Richard Jamison was tried in Magistrate Court on August 25, 1970. The court found for the plaintiff and entered judgment in the sum of $489.06 on August 27, 1970. Defendant-respondent Rose Jamison filed a motion to consolidate their causes in the Circuit Court of St. Louis County and that motion was granted on October 30, 1970. The consolidated action was tried by the court on April 24, 1972. On April 25, 1972, the court entered judgment for plaintiff in the case of Safeco Insurance Co. v. Tyrone Crader, and on April 27, 1972 the court entered judgment for the defendant in the case of Pauline Crader v. Rose Jamison. Both cases have also been consolidated on appeal since both involve common questions of fact and law. We affirm.

The accident out of which these actions arose occurred on December 4, 1969, at the intersection of Bayless Avenue and Union Road in St. Louis County. Bayless Avenue is a four-lane street running east and west. Union Road is also a four-lane street that extends north and south. The intersection of Bayless and Union is usually controlled by four stop signs. There is uncontroverted testimony in the record that on the day of the accident the stop sign controlling westbound traffic on Bayless Road was not in place and was, in fact, lying by the side of the road. The record indicates that the sign was removed by parties unknown although there was evidence to the effect that road repair and

construction had been taking place at that corner.

Defendant-appellant Tyrone Crader was travelling westbound on Bayless Avenue at a speed of 20 or 25 m. p. h. and was slowing down as he approached the intersection of Bayless and Union. Pauline Crader had given her son Tyrone permission to use her car to attend a basketball game at Bayless High School with a date. Tyrone Crader was totally unfamiliar with the area and was proceeding at a slow rate of speed while attempting to determine the location of the high school. Rose Jamison was driving southbound on Union Road and stopped at the stop sign at the intersection of Bayless and Union. Mrs. Jamison was well-acquainted with the intersection in question since the intersection was only three or four blocks from her home and she had occasion to drive through the intersection daily on her way to work. Mrs. Jamison observed the Crader vehicle, approximately two car lengths from the intersection, approaching from her left. She believed that the Crader vehicle was going to stop at the stop sign and based on this assumption Rose Jamison proceeded to go into the intersection. When Mrs. Jamison was four to five feet into the intersection she realized that the Crader vehicle was not going to stop. Mrs. Jamison then stopped in the intersection and the Crader vehicle struck the left front of the car.

Appellant assigns as error the failure of the trial court: (1) to find that Rose Jamison was negligent as a matter of law in the case of Safeco Insurance Co. v. Tyrone Crader and (2) to find that under the law of bailment, Pauline Crader was entitled to judgment for her damages once it had been determined that Rose Jamison was negligent, regardless of the negligence, if any, of Tyrone Crader in the case of Pauline Crader v. Rose Jamison.

It is appellant's contention that, as to their first grounds for appeal, Rose Jamison, by her own admission, was negligent as a matter of law in pulling into the path of the oncoming Crader automobile from a stopped position when the Crader automobile was only two car lengths from the intersection and travelling at a speed of 20 to 25 m. p. h. In dealing with a similar factual situation in the case of Jones v. Fritz, 353 S.W.2d 393 (Mo.App.1962) the Missouri Court of Appeals, Springfield, held that where the plaintiff entered an intersection knowing that the intersection was controlled by fourway stop signs and where the plaintiff assumed that the defendant's approaching vehicle would stop at the traffic control signal, and the defendant didn't stop " . . . the issue of plaintiff's contributory negligence was for the jury unless, from all of the evidence and the inferences fairly deducible therefrom, when viewed in the light most favorable to plaintiff, the only reasonable conclusion was that plaintiff was guilty of negligence proximately causing her injury . . . ." In a recent case in point, the Missouri Supreme Court, in Price v. Bangert Brothers Road Builders, Inc., 490 S. W.2d 53, 57 (Mo.1973) held that where the defendant, who was travelling on a through street, saw the plaintiff's automobile approaching the intersection but did not slow, stop or sound a warning, assuming that the plaintiff would stop at the stop sign (which stop sign had been removed by the co-defendant's construction crew), " . . . Under these circumstances, the negligence of Mrs. Rautert (the defendant) was for the jury . . . ." In the instant case the question of Mrs. Jamison's negligence, if any, was for the court. The court found for the plaintiff, Safeco Insurance Company and against the defendant Tyrone Crader. The question of Rose Jamison's negligence was an issue of fact to be determined by the trial court. The trial court resolved that issue in favor of the plaintiff. Since a judgment will not be set aside unless clearly erroneous and since due regard will be given to the opportunity of the trial court to judge the credibility of the witness, Civil Rule 73.01(d), V.A.M.R.; Shell-Con, Inc. v. Architectural Concrete,

Inc., 486 S.W.2d 662, 664 (Mo.App.1972), we are impelled to conclude that the trial court did not err in refusing to declare Rose Jamison negligent as a matter of law.

■ Appellant further contends that the trial court erred in not finding for Pauline Crader in the case of Pauline Crader v. Rose Jamison since Rose Jamison was negligent; therefor, Pauline Crader, as the bailor of the damaged automobile, is entitled to recovery under the law of bailment against Rose Jamison regardless of the bailee's, Tyrone Crader, negligence. The uncontradicted evidence in the case clearly established that under the criteria outlined by this court in Equity Mutual Insurance Company v. Affiliated Parking, Inc., 448 S.W.2d 909, 914 (Mo.App.1969); Weinberg v. Waco Petroleum Company, 402 S. W.2d 597, 599 (Mo.App.1966); and Nuell v. Forty-North Corporation, 358 S.W.2d 70, 75 (Mo.App.1962); a bailment was created by Pauline Crader's delivery of her automobile to her son Tyrone for his exclusive use in attending a sporting event. The son was entrusted with the automobile for a specific purpose that was unrelated to any purpose of the mother. Tyrone Crader was the gratuitous bailee of his mother's automobile.

■ It has been the settled rule at common-law that either the bailor or the bailee may sue a third party tortfeasor for damage to or destruction of the bailment property. The Beaconsfield, 158 U.S. 303, 15 S.Ct. 860, 39 L.Ed. 993 (1895); George Bohannon Transportation, Inc. v. Davis, 323 F.2d 755 (10th Cir., 1963); Burkett v. United States, 71 F.2d 683 (5th Cir., 1934); The MV Bull Calf, 66 F.Supp. 1019 (E.D.Mo.1946); Associates Discount Corporation v. Gillineau, 322 Mass. 490, 78 N.E.2d 192, 193 (1948); Grace v. Sterling, Grace & Co., 30 A.D.2d 61, 289 N.Y.S.2d 632 (1968); Railway Express Agency v. Goodman's New York & Connecticut Express Corpor., 129 Conn. 386, 28 A.2d 869 (1942); Holmes, the Common Law, 167 et seq.; Pollock & Maitland, History of English Law, Vol. 2, p. 169 et seq., Pauline Crader, as the bailor, had a definite right to seek recovery from Rose Jamison for the damages that Rose Jamison allegedly caused to the subject of the bailment. The law of this State is settled that in a suit by a bailor of personal property against a third party for damages to the property while in the possession of the bailee, the contributory negligence of the bailee is not imputed to the bailor, so as to constitute a defense. McCloud v. Saling, 259 S.W.2d 699, 701 (Mo.App.1953); Neidner v. Wabash R. Co. et al., 219 S.W.2d 886, 889 (Mo.App.1949); Norton v. Hines, 211 Mo.App. 438, 245 S.W. 346, 348 (1922); Buskie v. Januchowsky, 218 S.W. 696 (Mo.App.1920) and Spelman v. Delano, 177 Mo.App. 28, 163 S.W. 300, 302 (1914).

■ In our case, the trial court found in favor of Rose Jamison in the case of Crader v. Jamison. This finding, coupled with the trial court's judgment in Safeco Insurance Co. v. Tyrone Crader, clearly indicates that the trial court found that Rose Jamison was not negligent in her conduct surrounding the accident on February 19, 1970. Without a finding that a third party was negligent the bailor is not entitled to relief from that party. The question of Rose Jamison's negligence was a question of fact to be determined by the trier of fact, Rule 73.01(d); Shell-Con Inc. v. Architectural Concrete, Inc., 486 S.W.2d 662, 664 (1972). Rule 73.01(d) provides that the judgment of the court shall not be set aside unless clearly erroneous. The judgment of the trial court in the case of Pauline Crader v. Rose Jamison is not clearly erroneous.

Accordingly, judgment affirmed.

DOWD, C. J., and WEIER, J., concur.