Eula Riney and Dale
RUTHERFORD, Appellants,

v.

Earl SHAFFER and Elsie
Shaffer, Respondents.

No. 49046.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 27, 1985.

Briney Welborn, Bloomfield, for appellants.

---

John W. Reid, II, Michael L. Jackson, Schnapp, Graham & Reid, Fredericktown, for respondents.

CRIST, Judge.

Appellants appeal from a decree of the trial court ruling respondents had gained title to a parcel of land by adverse possession of their precedessor in title, a co-tenant. We affirm.

Respondents filed a motion to dismiss for violations of Rule 84.04. Rule 84.04(b) requires a factual statement of the case showing jurisdiction. Presentment of these facts is appellants' first opportunity to apprise the appellate court of what the case is all about, in capsule form. Appellants assert this court had jurisdiction because the case was not within the Supreme Court's exclusive jurisdiction and the trial court was within the court's geographic jurisdiction. Upon reading appellants' statement of facts, we resolved the jurisdictional question with little difficulty.

 Appellants' statement of facts is deficient. It consists only of a resume of the testimony of the witnesses. Such resumes are permissible only as supplements to a fair and concise statement of facts, Rule 84.04(c), and not as substitute therefor. See *Stevens v. State*, 560 S.W.2d 599, 599–600 (Mo.App.1978). Violation of Rule 84.-04(c) is a ground for dismissal. *Porter's Ready-Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App.1985).

Rule 84.04(d) requires the points relied upon to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, ..." We quote appellants' sole point relied on:

> The trial court erred in finding that Orville Schaffer had acquired title to the property that is at contention in this lawsuit by adverse possession, because defendant failed to establish adverse possession where the adverse possession runs against co-tenants.

This point relied upon does not state wherein and why respondents failed to establish adverse possession. *Pillow v. Sayad*, 655 S.W.2d 816 (Mo.App.1983). Appellants were on notice of the deficiencies in their brief due to respondents' motion to dismiss citing such errors and asking for dismissal of the appeal. Appellants took no action to correct the errors and thereby waived the notice required by Rule 84.08(a). *Lewis v. Renner*, 676 S.W.2d 909, 911 (Mo.App.1984).

Aside from the brief irregularities, we were able to determine from the record respondents had submitted sufficient evidence in the trial court to establish adverse possession of the land by their predecessor in title, a co-tenant. See *Cash v. Gilbreath*, 507 S.W.2d 931 (Mo.App.1974). The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

DOWD, P.J., and CRANDALL, J., concur.