Dorothy HOLCOMB,
Plaintiff-Appellant,

v.

UNIVERSITY PROPERTIES, d/b/a
River Roads Shopping Center,
Defendant-Respondent.

No. 49052.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 1986.

Milton W. Schaefer, Richmond Heights, for plaintiff-appellant.

Donald L. James, St. Louis, for defendant-respondent.

PER CURIAM:

Plaintiff, Dorothy Holcomb, appeals the judgment based on a jury verdict in her favor and against defendant. The verdict assessed 67% of fault to plaintiff and 33% to defendant, thereby giving her a judgment of $9,900. From the insufficiency of the jury award and the percentage of fault assessed by the jury, plaintiff appeals.

After mailing a letter in a mailbox located on respondent's premises, plaintiff slipped on some gravel and injured herself. Plaintiff testified she would have seen the gravel in the area if she had been looking.

From the jury tried case, plaintiff failed to file a motion for a new trial, and consequently preserved no points for appellate review except questions concerning jurisdiction over the subject matter, sufficiency of the pleadings, and certain matters authorized by Rule 72.01 to be presented in motions for judgment. Rule 78.07; *Dixon v. Model Cities Health Corporation,* 651 S.W.2d 498, 499 (Mo.App.1983). Plaintiff's appeal does not fall within any of the above stated exceptions to Rule 78.07, therefore, the appeal presents no point entitled to consideration on the merits. Every issue set forth in plaintiff's appeal should have been put forth in a motion for a new trial and submitted to the trial court. If this

court is to review plaintiff's contentions, the court can only do so under the plain error rule, Rule 84.13(c).

We exercise our discretion and considered, ex gratia, the points which plaintiff asserted in her brief and found them to be without merit. This is done to ensure that manifest injustice or a miscarriage of justice would not result from the dismissal of this appeal upon a procedural ground. *Troyer v. Click,* 457 S.W.2d 221, 224 (Mo. App.1970). Moreover, plaintiff's points are written in complete disregard of the requirements of Rule 84.04(d) in that they fail to set forth briefly and concisely the wherein and why any of the rulings of the trial court are erroneous. *Rutherford v. Shaffer,* 696 S.W.2d 864, 865 (Mo.App. 1985); *Thummel v. King,* 570 S.W.2d 679, 685 (Mo.1978). Not observing the express language of Rule 84.04(d), plaintiff included a long list of citations in her "Points Relied On."[1]

The judgment is affirmed.

All concur.

---

1. In total disregard of this Rule, appellant cited sixty-two cases in her "Points Relied On." This flagrant violation of the Rule is unnecessary and inefficient.