**68**

Darlene **RAFTER**, Plaintiff–Respondent,

v.

Timothy D. **RIGGS**,
Defendant–Appellant.

No. 16555.

Missouri Court of Appeals,
Southern District,
Division Two.

July 11, 1990.

John D. Beger, Stephen F. Gaunt, Steelman & Beger, Rolla, for plaintiff-respondent.

Ronald J. Fuller, Rolla, for defendant-appellant.

MAUS, Judge.

By her petition filed in the Associate Division, plaintiff Darlene Rafter alleged that her Buick automobile driven by her son, Brian Rafter, was damaged in a collision with a pickup truck driven by defendant, Timothy D. Riggs. She further alleged the collision was the result of defendant's negligence in five specifically pleaded respects and prayed for a judgment of $2,000. By answer, the defendant denied he was negligent and alleged the collision was caused or contributed to by the negligence of Brian Rafter. Following a trial in the Associate Division, the court found the plaintiff was damaged in the amount of $1,400 and assessed fault 30% to the plaintiff and 70% to the defendant. Following a trial de novo in the circuit court, the court found in favor of the plaintiff; that she was damaged in the amount of $1,500 and that there should be no apportionment of fault to the plaintiff. It entered judgment for the plaintiff for $1,500. The defendant states three points on appeal.

■ The defendant's first two points in substance state the same thing. That is, the court found the negligence of Brian Rafter contributed to cause the collision and erred in refusing to assess that fault to plaintiff Darlene Rafter. The points are premised upon the defendant's construction of the evidence and his interpretation of the remarks of the trial court concerning the driving actions of Brian Rafter.

Even assuming those remarks constitute a finding that the negligence of Brian Rafter contributed to cause the collision, those two points have no merit. There is no evidence to establish that Brian Rafter was other than "a mere bailee" of his mother's Buick automobile.

"No element of agency or partnership is involved. The law of this state is settled that in a suit by a bailor of personal property against a third party for damages to the property while in the possession of the bailee, if there is no element

of principal and agent, master and servant, or of partnership existing between the bailor and bailee, then the contributory negligence of the bailee is not imputed to the bailor, so as to constitute a defense." *McCloud v. Saling,* 259 S.W.2d 699, 701 (Mo.App.1953).

See also *Crader v. Jamison,* 496 S.W.2d 263 (Mo.App.1973); *Jones v. Taylor,* 401 S.W.2d 183 (Mo.App.1966) and *Niedner v. Wabash R. Co.,* 219 S.W.2d 886 (Mo.App. 1949).

The court could not apportion any fault to Brian Rafter. "In Missouri, fault is only to be apportioned among those at trial." *Fahy v. Dresser Industries, Inc.,* 740 S.W.2d 635, 641 (Mo. banc 1987), cert. denied, 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988). The defendant's first two points are denied.

His third point is "that such judgment is against the weight of the evidence, in that the evidence offered by plaintiff established that plaintiff would have sustained no damages to her motor vehicle except for the negligent acts of plaintiff's son". This is, in reality, a contention there was no substantial evidence the defendant was negligent. The collision occurred when the defendant's pickup truck was entering a through street and was approximately four feet into that street when struck by the Buick which was east bound on the through street. The defendant's version was that he had been stuck in a snow bank for some time before the collision, and that Brian Rafter had ample opportunity to see his helpless position and avoid the collision by stopping or swerving. Brian Rafter testified:

"A   Well, I was going east on 72 and I seen him parked at the stop sign, and right when we started getting up there he just pulled out to make a turn to go east. But he pulled out right in front of us and I honked at him twice and he still never looked, he just kept pulling out in front of us."

The credibility of the witnesses was for the trial court. *Terre Du Lac, Inc. v. Fuhrmeister,* 753 S.W.2d 4 (Mo.App.1988). The

judgment is supported by substantial evidence and is affirmed.

HOGAN, C.J., and SHRUM, J., concur.